PHILLIP M. STEANS, District Attorney, Dunn County
You have requested my opinion regarding the following question:
May a retail "Class A" or "Class B" intoxicating liquor license be issued for a premises having a main entrance located within 300 feet of a state university? *Page 295 
As you mentioned in your letter, sec. 176.05 (9m), Stats. (1969), provides the restrictions we are dealing with. That section reads:
"(9m) RESTRICTIONS NEAR SCHOOLS, CHURCHES, AND HOSPITALS. (a) No retail `Class A' or `Class B' license shall be issued for premises the main entrance of which is less than 300 feet from the main entrance of any established public school, parochial school, hospital or church. Such distance shall be measured by the shortest route along the highway from the closest point of the main entrance of such school, church or hospital to the main entrance to such premises.
"(b) This subsection shall not apply to premises licensed as such on June 30, 1947, nor shall it apply to any premises licensed as such prior to the occupation of real property within 300 feet thereof by any school building, hospital building or church building."
Research discloses that there has been no litigation on this issue to date. However, in my opinion, the statute does not prohibit the issuance of either "Class A" or "Class B" intoxicating liquor licenses to premises with a main entrance less than 300 feet from a state university. The statute prescribes that distances shall be measured from the "main entrance" to "main entrance," thus apparently contemplating that public schools and related institutions ordinarily have fixed and definite entrances and more often than not occupy a single building. This is clearly inconsistent with the realities of a modern university with its many buildings and extensive campuses.
The statute in question was first enacted by ch. 348, Laws of 1947. As enacted it read:
"(a) No retail `Class A' or `Class B' license shall be issued for premises less than 300 feet from any established public school, parochial school, hospital or church. Such distance shall be measured via the shortest route along the highway from the closest point of the boundary of such school, church or hospital to the closest entrance of such premises.
"(b) This subsection shall not apply to premises licensed as such on June 30, 1947." *Page 296 
In ch. 56, Laws of 1967, the legislature restricted the operation of the statutes by adding the following language to subsec. (b):
"* * * Nor shall it apply to any premises licensed as such prior to the occupation of real property within 300 feet thereof by any school building, hospital building, or church building."
The statute was further amended by the addition "main entrance" provisions in ch. 97, Laws of 1969. Thus, the legislature has evinced the policy direction that the statute should be restricted in its operation. Therefore, the inference arises that the words "public school" should be given a restrictive rather than an expansive meaning in light of the history of the statute.
Section 115.01 (1), Stats. (1969), provides a legislative definition of the phrase "public school." That section reads:
"(1) PUBLIC SCHOOLS. Public schools are the elementary and high schools supported by public taxation."
Furthermore, Webster's Seventh New Collegiate Dictionary
(Merriam 1970) page 690, provides the following definition of "public school":
"(2) A free tax-supported school controlled by a local governmental authority."
Hence, I conclude, when used within the context of sec. 176.05 (9m), Stats. (1969), the phrase "public school" means the elementary and high schools located within the boundaries of the licensing authority and not state-supported universities and colleges.
Therefore, the local licensing authority in question may grant and issue licenses in question if it so desires. I may remind you of the provisions contained in sec. 176.43, Stats., which allows for local governmental units to prescribe additional regulations and zoning restrictions upon the sale of intoxicating liquors, for your local governmental units may wish to legislate additional conditions for the granting "Class A" and "Class B" intoxicating liquor licenses near universities and colleges within their jurisdiction.
RWW:TAH *Page 297